STATE OF INDIANA      )     IN THE HENDRICKS COUNTY COURT
                      )     SS:
COUNTY OF HENDRICKS )       CASE NO

BARBARA DRAGA

      Plaintiff,

v.

COMENITY BANK, Corp

      Defendant.

NO.

**JURY TRIAL DEMANDED**

## SUMMONS

TO DEFENDANT:   COMENITY BANK, CORP.
C/O THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER
1209 ORANGE ST, WILMINGTON, DE 19801.

    You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

    The nature of the suit against you is stated in the complaint, which is attached to this Summons. It all states the relief sought or the demand made against you by the plaintiff.

    An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

    If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer. If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-222).

Dated_____     _____
                                                                         Clerk, Hendricks County Court

**EXHIBIT 1**

(The following manner of service of summons is hereby designated.)

__x__   Registered or certified mail.
_____   Service at place of employment, to-wit:_____
_____   Service on individual - (Personal or copy) at above address.
_____   Service on agent. (Specify) _____
_____   Other Service. (Specify) _____

Jeff Neuenschwander
1433 N. Meridian St., Suite 202
Indianapolis, IN 46202
Telephone: 317-721-9214

| | |
|---|---|
| STATE OF INDIANA )<br>)<br>COUNTY OF HENDRICKS ) | IN THE HENDRICKS COUNTY COURT<br>SS:<br>CASE NO |

| | |
|---|---|
| BARBARA DRAGA<br><br>        Plaintiff,<br><br>v.<br><br>COMENITY BANK, Corp<br><br>        Defendant. | NO.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### Preliminary Statement

Plaintiff, Barbara Draga, by her undersigned counsel, for this Complaint against Defendant Comenity Bank, Corp., and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendant" or "Comenity"), alleges as follows:

### NATURE OF ACTION

1. Plaintiff brings this action against Comenity for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### PARTIES

2. Plaintiff, Barbara Draga ("Plaintiff"), is a natural person and a citizen of Indiana, residing in Hendricks County, Indiana.

3. Defendant is a foreign for-profit corporation doing business in Hendricks County, IN.

### JURISDICTION AND VENUE

4. Federal and State Courts of Indiana have concurrent subject matter jurisdiction over Plaintiff's actions brought under the Telephone Consumer Protection Act.

5. This Court has personal jurisdiction over Defendant because it conducts business in the State of Indiana, and a substantial part of the wrongful acts alleged in this Complaint were committed in Indiana.

6. Venue is proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Hendricks County.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls, whether they pay in advance or after the minutes are used. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003).

10. On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed calls and calls using an artificial voice or prerecorded message to a wireless number by, or on behalf of, a creditor are permitted only if the calls are made with the "prior express consent"

2

of the called party. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C. Rcd. 559 (2008).

11. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." FCC Declaratory Ruling, 23 F.C.C. Rcd. 559, 564-65 ¶ 10 (2008).

12. Under the TCPA, and pursuant to the FCC Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff gave her express consent to Defendant to use an autodialer to call her cellular telephone within the meaning of the statute. *See* FCC Declaratory Ruling, 23 F.C.C. Rcd. 559, 565 ¶ 10.

## FACTUAL ALLEGATIONS

A.   **Factual Allegations Regarding Defendant**

13. Defendant is in the business of offering credit to consumers through department stores such as Victoria's Secret, Eddie Bauer, Lane Bryant, and Maurice's, among others.

14. "Comenity Capital Bank operates as an industrial bank and issues credit cards for retailers. The company also underwrites credit programs on behalf of its partners including North America's retail brands. The company was formerly known as World Financial Capital Bank and changed its name to Comenity Capital Bank in October, 2012. The company was founded in 2003 and is based in Salt Lake City, Utah. Comenity Capital Bank operates as a subsidiary of Comenity LLC."
http://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=22183049. Last accessed August 26, 2016.

15. Comenity Bank and Comenity Capital Bank are subsidiaries of Alliance Data Systems Corporation. "Federal and state laws and regulations extensively regulate the operations of our bank subsidiaries, Comenity Bank and Comenity Capital Bank" *2015 Annual report for*

3

*Alliance Data - 2015.* http://phx.corporate-ir.net/External.File?item=UGFyZW50SUQ9MzMzNTE3fENoaWxkSUQ9LTF8VHlwZT0z&t=1&cb=635968683344625339. Last retrieved August 26, 2016.

**B.   Factual Allegations Regarding Plaintiff**

16. Defendant offered Plaintiff credit in the form of a one or more store credit cards.
17. Plaintiff signed up for Defendant's credit cards ("Credit Cards").
18. Plaintiff charged items to the Credit Cards.
19. Plaintiff carried a balance on the Credit Cards from month-to-month ("Credit Card Debt").
20. Plaintiff is holder and owner of a cell phone ("Cellular Phone"), with service provided by Verizon Wireless, which was called by Defendant in its attempt to collect the Credit Card Debt.

**C.   Factual Allegations Regarding Plaintiff's TCPA Allegations**

21. Plaintiff is the account holder and owner of the Cellular Phone and is charged for each call within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii).
22. Defendant has been calling Plaintiff on the Cellular Phone from at least November 2015 until the present.
23. Plaintiff has made multiple verbal requests to Defendant to stop calling her Cellular Phone. Said requests to cease and desist phone calls include but are not limited to requests made in November 2015 and several times thereafter.
24. Despite Plaintiff's requests to Defendant to cease calls, Defendant continued to call Plaintiff's Cellular Phone, on dates including but not limited to:
2/20/16; 2/25/16; 2/26/16; 3/2/16; 3/2/16; 3/14/16; 3/20/16; 3/21/16; 3/30/16; 3/30/16; 4/5/16; 4/5/16; 5/10/16; 5/30/16; 5/30/16; 6/8/16; 6/9/16; 6/9/16; 6/13/16; 6/13/16; 6/13/16; 6/16/16; 6/16/16; 6/18/16; 6/23/16; 6/24/16; 6/26/16; 6/27/16; 6/28/16; 7/4/16; 7/10/16; 7/20/16; 7/27/16; 7/28/16; 8/4/16

25. Some of the calls answered by the Plaintiff and placed by Defendant had: (1) pre-recorded voice message; or (2) a standard pause and gap before a live operator was available. Consequently, many, if not all, of the calls made by Defendant to Plaintiff on her Cellular Phone, including, but not limited to, the calls listed in paragraph 23 above, were made using an automatic telephone dialing system ("ATDS") and/or artificial or prerecorded voice.

26. Defendant's calls to Plaintiff on her Cellular Phone were made for purposes of collecting a debt, namely the Credit Card Debt.

27. Defendant did not obtain prior express consent to call Plaintiff on her Cellular Phone for purposes of attempting to collect the Credit Card Debt. Alternatively, even if Defendant did have prior express consent to make TCPA regulated calls to Plaintiff's Cellular Phone, said prior express consent was explicitly revoked by the Plaintiff via repeated and unequivocal requests to cease and desist phone calls.

28. Defendant is responsible for making the above-described ATDS-generated and/or automated or prerecorded calls.

29. These calls caused Plaintiff severe emotional distress.

30. Plaintiff is being called multiples times a day by Defendant, which causes her severe stress and anxiety.

31. Plaintiff has been damaged by these illegal calls because her privacy was improperly invaded, minutes were used from her cellular telephone plans, and he was forced to spend time tending to unwanted calls. *See Martin v. Leading Edge Recovery Solutions, LLC*, Case No. 11 C 5886, 2012 WL 3292838 (N.D. Ill. Aug. 10, 2012) (Lefkow, J.). Furthermore, Plaintiff also incurred injury including but not limited to severe emotional distress, postage cost, value of time spent in an attempt to resolve this dispute with Defendant incurred as a direct result of Defendant's actions.

32. Defendant has been extremely rude to Plaintiff, at one point asking her what kind of children she had if they wouldn't help her pay her bills, causing Plaintiff severe emotional distress and causing her to cry.

33. On at least one occasion when Plaintiff asked Defendant to stop calling, Defendant told Plaintiff that she could ask them to stop calling, but that they would keep calling.

## CAUSES OF ACTION

### FIRST COUNT

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b)(1)(A)

34. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

35. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff using an ATDS and/or artificial or prerecorded voice.

36. As a result of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff presumptively is entitled to an award of $500 in statutory damages for each and every call to her cellular telephone numbers using and ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff is also entitled to and do seek injunctive relief prohibiting the Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 46 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

### SECOND COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE
### CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)

6

38. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

39. The foregoing acts and omissions of the Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff using an ATDS and/or artificial or prerecorded voice.

40. As a result of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff is entitled to treble damages of up to $1,500 for each and every call to her cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

41. Plaintiff is also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA

B. An order enjoining Defendant and/or its affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

C. An award to Plaintiff of damages, as allowed by law;

D. An award to Plaintiff of attorneys' fees and costs, as allowed by law and/or equity;

E. Leave to amend this Complaint to conform to the evidence presented at trial; and

    F.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated: August 30, 2016.

                                      Respectfully submitted,

                                      *[signature]*

                                    Syed Ali Saeed (#28759-49)
                                    SAEED & LITTLE, LLP
                                    1433 N. Meridian Street, Suite 202
                                    Indianapolis, Indiana 46202
                                    Telephone: (317) 614-5741
                                    Facsimile: 1-888-422-3151
                                    Email: ali@sllawfirm.com

                                    *[signature]*

                                    Jeff Neuenschwander (#27980-49)
                                    SAEED & LITTLE, LLP
                                    1433 N. Meridian Street, Suite 202
                                    Indianapolis, Indiana 46202
                                    Telephone: (317) 614-5741
                                    Facsimile: 1-888-422-3151
                                    Email: jeff@sllawfirm.com

                                    *Attorneys for Plaintiff*

```
STATE OF INDIANA        )       IN THE HENDRICKS COUNTY COURT
                        )       SS:
COUNTY OF HENDRICKS     )       CASE NO
```

| | |
|---|---|
| BARBARA DRAGA<br><br>           Plaintiff,<br><br>v.<br><br>COMENITY BANK, Corp<br><br>           Defendant. | NO.<br><br>**JURY TRIAL DEMANDED** |

## APPEARANCE OF COUNSEL

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

           BARBARA DRAGA

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

**Name:** Syed Ali Saeed  
**Address:** Saeed & Little, LLP  
1433 N. Meridian St., Suite 202  
Indianapolis, IN 46202  
**Atty Number** 28759-49  
**Phone:** (317) 721-9214  
**Fax:** 888-422-3151  
**Email:** ali@sllawfirm.com  

**Name:** Jeff Neuenschwander  
**Address:** Saeed & Little, LLP  
1433 N. Meridian St., Suite 202  
Indianapolis, IN 46202  
**Atty Number** 27980-49  
**Phone:** (317) 721-9214  
**Fax:** 888-422-3151  
**Email:** jeff@sllawfirm.com  

3. There are other party members: Yes____ No _X_ *(If yes, list on continuation page.)*

4. *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): _____SC_____

5. I will accept service by FAX at the above noted number: Yes ____ No _X_

6. This case involves support issues. Yes ____ No _X_ *(If yes, supply social security numbers for all family members on a separately attached page using **light green paper**.)*

7. There are related cases: Yes ____ No __X__ *(If yes, list on continuation page)*

8. This form has been served on all other parties. Certificate of Service is attached:
   Yes __X__   No____

Respectfully submitted,

_____
Syed Ali Saeed, No. 28759-49
Saeed & Little, LLP
1433 North Meridian Street, Suite 202
Indianapolis, IN 46202
jeff@sllawfirm.com
317-586-2889 tel
317-324-9908 fax

_____
Jeff Neuenschwander, No. 27980-49
Saeed & Little, LLP
1433 North Meridian Street, Suite 202
Indianapolis, IN 46202
jeff@sllawfirm.com
317-586-2889 tel
317-324-9908 fax

## CERTIFICATE OF SERVICE

I hereby certify that on ~~August 30, 2016~~ 31, Sept 1 2016, a copy of the foregoing was filed electronically. Service of this filing will be made on ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the Court's system. Plaintiff will also provide a copy of the foregoing via first class mail together with the court issued summon and the Complaint for Damages filed in this matter.

_____
Jeff Neuenschwander